Dear Mayor Roach:
You requested an Attorney General's opinion regarding La. R.S.47:337.10(l), which pertinently provides:
 l. A political subdivision may provide for a sales and use tax exclusion as provided for in R.S. 47:301(3)(i), (13)(k), or (28), or any combination of these or all of them, for the sales, cost, or lease and rental price of manufacturing machinery and equipment, either effective upon adoption or enactment or phased in over a period of time as set forth in the instrument providing the exclusion.
This provision of law provides for the reduction or exclusion of local sales and use taxes on eligible machinery and equipment in political subdivisions that enact provisions of local law authorizing exclusions similar to the state sales and use tax exclusions contained in La. R.S. 47:301(3)(i), (13)(k), or (28).
As we understand your correspondence, you would like this office to address the following issues:
 1. Does La. R.S. 47:337.10(l) authorize a political subdivision to provide for local sales and use tax exclusion "as provided for in R.S. 47:301(3)(i), (13)(k), or (28), or any combination of these or all of them for the sales, cost, or lease and rental price of manufacturing machinery and equipment" within only a geographical portion of the political subdivision? Specifically, you question whether the adoption of an exclusion within only a portion of the political subdivision would be a violation of Article VI, Section 29(D)(1) of the Louisiana Constitution. *Page 2 
 2. Would it be legal to provide for less than all of the tax exclusions set forth in La. R.S. 47:301(3)(i), (13)(k), or (28)?
 3. Can the City of Lake Charles alter the effective date of the tax exclusions by having the entire exclusion effective immediately or "phased in" over a period of time?
To answer your first question, this office is unaware of, and our research did not reveal, any provision of law which would prohibit the City from providing for local sales and use tax exclusions within only a geographical portion of the city. The constitutional provision you referenced, Article VI, Section 29(D), provides:
 (D) Exemptions; Protection of Bonds. Except when bonds secured thereby have been authorized, the legislature may provide for the exemption or exclusion of any goods, tangible personal property, or services from sales or use taxes only pursuant to one of the following:
 (1) Exemptions or exclusions uniformly applicable to the taxes of all local governmental subdivisions, school boards, and other political subdivisions whose boundaries are not coterminous with those of the state.
 (2) Exemptions or exclusions applicable to the taxes of the state or applicable to political subdivisions whose boundaries are coterminous with those of the state, or both.
 (3) Exemptions or exclusions uniformly applicable to the taxes of all the tax authorities in the state.
This section is a limitation on the legislature's authority to provide for exemptions and exclusions. It does not apply to political subdivisions.
To answer your second question and third questions, we must refer to the language of the statute. La. R.S. 47:337.10(l) grants political subdivisions authority to provide for sales and use tax exclusions "as provided for in R.S. 47:301(3)(i), (13)(k), or (28), or any combination of these or all of them". It is the opinion of this office that this language allows political subdivisions to provide for less than all of the tax exclusions set forth in La. R.S. 47:301(3)(i), (13)(k), or (28). As for the effective date of the exclusions, La. R.S.47:337.10(l) provides that the exclusions may be "either effective upon adoption or enactment or phased in over a period of time as set forth in the instrument providing the exclusion." Therefore, the exclusion may be effective immediately or phased in over a period of time. *Page 3 
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv